(Mrs.) Janie ADAMS, (Mrs.) Clara Chisom, James N. Gray, John Hamilton, (Mrs.) Louise Mallet, Louis L. Pike, and Rayfield Wareagle, on behalf of themselves and all others similarly situated, Plaintiffs,

Robert Perry, Wilson Jones, Guarrie Boards, T. J. Gant, Dan Gaines, Gertie Wells, Mae Frances Scaife, Connie Whitehead and the Arkansas State AFL-CIO, Plaintiff-Intervenors,

v.

F. J. THOMPSON, John A. McClusky, and Marion M. Crisp, as members of the Jury Commission of Phillips County, James S. King, as Clerk of the Circuit Court of Phillips County, and Elmo Taylor, as Judge of the Circuit Court of Phillips County, Defendants.

No. H 67-C-28.

United States District Court,
E. D. Arkansas, E. D.

May 22, 1970.

George Howard, Jr., Pine Bluff, Ark., Harold Anderson, John Walker and Burl Rotenberry, Little Rock, Ark., Jack Greenberg, New York City, for plaintiffs.

David Solomon, Euguene Raff, Helena, Ark., Silas H. Brewer, Jr., Little Rock, Ark., for defendants.

OREN HARRIS, District Judge.

MEMORANDUM OPINION

In this class action by Negroes and wage-earner citizens of Phillips County, Arkansas, the plaintiffs and plaintiff-intervenors seek injunctive relief to secure their right to be fairly chosen for service on grand and petit juries. The plaintiffs and plaintiff-intervenors also seek to have grand and petit juries in

Phillips County so constituted as to be truly representative of a cross-section of all persons who are citizens and residents of the county and otherwise qualified for jury service.

It is contended by the plaintiffs and plaintiff-intervenors that historically there has been discriminatory exclusion, limitation or systematic underrepresentation bason on racial, economic or occupational status and the rights asserted by them are secured by the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C.A. §§ 1981 and 1983.

This cause was tried to the Court March 10, 11 and 12, 1969, the parties appearing in person and by their respective counsel. From a substantial record, ore tenus testimony, numerous exhibits and excellent briefs, the Court submits its findings of fact and conclusions of law as follows.

## FINDINGS OF FACT

The named plaintiffs in this proceeding are all adult, Negro citizens of the United States and residents of Phillips County, Arkansas, where each has been a qualified elector under the laws of Arkansas for many years. None of the named plaintiffs have been selected for grand or petit jury service in Phillips County pursuant to the laws of Arkansas, although they have long been legally qualified for jury service.

The named plaintiff-intervenors are all adult citizens of the United States, who are employed as wage-earners and who reside in Phillips County, Arkansas, where each has been a qualified elector as provided by the laws of Arkansas for many years. None of the named plaintiff-intervenors have been selected for grand or petit jury service in Phillips County pursuant to the laws of Arkansas, although they have long been legally qualified for jury service.

The named defendants, their predecessors and successors in office, are the persons principally responsible under the laws of Arkansas for administering the State's jury selection laws. The discharge of the official duties of the Defendant Judge Elmo Taylor, Phillips County Circuit Judge, and the Defendant Jury Commissioners involve the exercise of discretion. The duties of the Defendant James S. King, Phillips County Circuit Clerk, are merely ministerial and do not involve any discretionary function.

The population characteristics of the county during the involved period, 1960–1968, reveal an excess of 50% of the total population were Negro and approximately 33⅓% were wage-earners.

In 1961 approximately 36% of the qualified electors of the county were Negroes and in 1963 approximately 39% were Negroes. The record fails to disclose any available figures by race since the 1965 voter registration act was adopted. From the testimony a trend of increased numbers and percentages of Negro voters in Phillips County was established for the period relevant to this action.

It was further established from the testimony that during the nine-year period, 1960 through 1968, 18 petit jury panels were selected in Phillips County. Each of these 18 panels, consisting of an average of 51 veniremen, has been analyzed, in terms of a number and percentage of white and Negro jurors. Of a total of 917 persons selected for petit jury service during this period of time, all but 35 have been identified by race. Hence, there is an unknown factor of less than 4% for the entire nine-year period. Only one of the 18 panels selected consisted of a higher percentage of Negroes than 28%, which panel was selected for the spring term of court in 1968, the first petit jury panel selected following the commencement of this suit. Negroes comprised less than 20% of the total number of persons selected on 13 of the 18 panels.

During the same period of time, 1960–1968, 5 grand jury panels were selected in Phillips County. Each of these 5 panels, consisting of an average of 25 per-

sons, has also been analyzed in terms of racial composition. Of a total of 124 persons selected for grand jury service during the period all but 3 have been identified by race. Therefore, there is an unknown factor of slightly over 2% for the entire period. Excluding from consideration this unknown factor, the overall percentage of Negroes selected for grand jury service is 15.7% (19 of 121). Again, only one of these 5 panels of grand jury veniremen consisted of a higher percentage of Negroes than 25% and that one consisting of 29.% was after the commencement of this suit.

With respect to the selection of jury commissioners, 54 were appointed by Circuit Judge Elmo Taylor during the nine-year period, 1960 through 1968. All were white.

It is established from the testimony and undenied that wage-earners, as referred to in this cause, were excluded from both grand and petit jury service primarily as a result of hardship as they, during the period of time, did not receive comparable pay of their regular wages while performing such services. During the three-year period, 1965 through 1968, a combined total of 11 panels were selected for grand and petit jury service for Phillips County. Only one of the 11 panels selected consisted of a higher percentage of wage-earners than 20% and that one was for the fall term of court in 1967 following the commencement of this suit.

With respect to the selection of jury commissioners, 15 were selected during the three-year period, 1965 through 1968. None of those selected were wage-earners.

Because of the broad discretion vested in jury commissioners by the Arkansas jury selection laws prior to 1970, and the absence of specific criteria in such laws to serve as a guide for choosing persons for jury service, jury commissioners in Phillips County during the relevant period, and historically, have selected almost exclusively only persons with whom they were to some degree personally acquainted. This selection method has resulted in a highly subjective deliberative process on the part of various persons who have served as jury commissioners. A number of persons have been selected for jury service on more than one occasion during a relatively short time.

It is clearly established that Negroes as a class and wage-earners as a class have not been fairly represented on the grand and petit juries selected for Phillips County during the period of time, 1960–68, relevant to this cause. Exclusion and token inclusion of these two identifiable groups has resulted in the selection of grand and petit juries which have not reflected a racial or economic cross-section of the community.

In 1969 the General Assembly of the State of Arkansas passed Act 568, a comprehensive new jury selection law which, repeals the former jury selection statutes, the administration of which was challenged by this suit. The new law establishing new and different procedures for jury selection was implemented in Phillips County, effective January 1, 1970. Acting pursuant to the new jury act, Defendant Judge Elmo Taylor, Phillips County Circuit Judge, has appointed twelve jury commissioners for Phillips County. Seven are white, including one woman, and one person who formerly served as the president of the local of one of the county's largest labor unions. Five of the newly appointed commissioners are Negro. It does not appear that this new procedure is being used in an unconstitutional manner.

## CONCLUSIONS OF LAW

Jurisdiction of the Court is established. 28 U.S.C.A. § 1343(3) (4), 42 U.S.C.A. §§ 1981 and 1983.

■ Plaintiffs and plaintiff-intervenors have standing to maintain their respective causes of action as individuals and as members of the respective classes on behalf of whom they sue. Accordingly, these actions are properly maintainable as class actions by both the plaintiffs and the plaintiff-intervenors.

Rules 23 and 24 of the Federal Rules of Civil Procedure.

This is not an action against the State of Arkansas.

■ The evidence fails to establish any discriminatory practices on the part of the Defendant James S. King, Phillips County Circuit Clerk, in violation of the constitutional rights of plaintiffs or plaintiff-intervenors. His duties are purely ministerial and does not involve the exercise of discretion in the selection of persons for jury service. Accordingly, the plaintiffs' complaint and the complaint of the plaintiff-intervenors as to the Defendant, James S. King, should be dismissed.

■ During the relevant period covered by this proceeding there has been systematic exclusion and token inclusion of Negroes on grand and petit jury panels resulting in panels of grand and petit jury veniremen which failed to represent a cross-section of the community. The exclusion and token inclusion of Negroes in the selection of jury veniremen resulted in an invidious discrimination violative of the rights secured to plaintiffs and members of their class by the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution and by statutory laws of the United States.

Although, historically, there has been discrimination in the selection of persons for service as jury commissioners, the circuit judges have consistently been given discretionary responsibility in the se- lection of jury commissioners to perform the duties of selecting persons to serve as grand and petit jury veniremen. Ark. Stat.Anno. § 39–201 et seq.; Brown v. State, 213 Ark. 989, 995, 997, 214 S.W.2d 240; Moore v. Henslee, 8 Cir., 276 F.2d 876, 878, 879; Stewart v. Stephens, D.C. Ark., 244 F.Supp. 982, 986 (1965).[1]

During the period relevant to this case covered by the plaintiff-intervenors' claim, wage-earners living in Phillips County have been systematically excluded from service on grand and petit juries. Such systematic exclusion has resulted in panels of grand and petit jury veniremen which fails to represent an economic cross-section of the community. The exclusion of wage-earners from jury service is violative of the rights secured to plaintiff-intervenors and members of their class by the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution and by statutory laws of the United States.

■ In view of the enactment of the new jury selection law by the General Assembly of Arkansas, Act 568 of 1969 and implementation thereof, the Court as a matter of discretion is not convinced that injunctive relief is necessary at this time. It is apparent to the Court that the Phillips County jury selection officials will administer the new jury selection statute in a constitutional manner without the necessity of interference from this Court.

An order will be entered in accordance with this opinion.

1. In an unreported opinion LR–68–C–158 Jerry D. Jewell et al., v. A. Howard Stebbins, Chairman, et al., Judge Henley described the procedures in Arkansas for the selection of grand and petit jury panels by three jury commissioners appointed by the circuit judge and discussed the background and application of the state law. Further, Judge Henley gave an analysis of the law with reference to comity between federal and state jurisprudence in considering the rights, privileges and immunities of citizens under the Constitution of the United States.